**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN  DIVISION**

| | | |
|---|---|---|
| CARLOS B. COOK, III, | ) | CASE NO. 1:17-CV-00479 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | **DEFENDANT EQUITY TRUST** |
| | ) | **COMPANY'S ANSWER TO** |
| EQUITY TRUST COMPANY, | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | **(JURY DEMAND ENDORSED HEREON)** |

Defendant Equity Trust Company ("Equity Trust"), by and through counsel, answers the Complaint of Plaintiff Carlos B. Cook, III ("Mr. Cook"), as follows:

## NATURE OF THE COMPLAINT

1.      Equity Trust denies the allegations in Paragraph 1 of the Complaint.  Equity Trust followed the terms of the parties' governing contracts, including the signed distribution instructions received from an email associated with Mr. Cook's account, and immediately took steps to secure disbursed funds when Mr. Cook requested Equity Trust to do so.

## PARTIES TO THE ACTION

2.      Equity Trust denies the allegations in Paragraph 2 of the Complaint for want of knowledge.

3.      Equity Trust admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Equity Trust denies the allegations in Paragraph 4 of the Complaint as stating a legal conclusion.

10131036 v3

5. Equity Trust denies the allegations in Paragraph 5 of the Complaint as stating a legal conclusion.

## FACTUAL BACKGROUND

6. Equity Trust admits that it has been approved by the Internal Revenue Service to act as a passive custodian for self-directed Individual Retirement Accounts ("IRAs") and is to that extent a regulated entity, and denies the remaining allegations in Paragraph 6 of the Complaint.

7. Equity Trust admits that Mr. Cook opened an account with Equity Trust in or around July of 2012, and denies the remaining allegations in Paragraph 7 of the Complaint.

8. Equity Trust admits that Mr. Cook opened an account at Equity Trust, and denies the remaining allegations in Paragraph 8 of the Complaint, including those regarding the alleged "verbal and written representations" on which Mr. Cook claims to have relied.  Equity Trust, further answering, states that Mr. Cook agreed to and relied upon the written terms of the account agreement which were incorporated in the application that he signed.  *See* Exhibit 1 ("Executed Application and Account Agreement").[1]  Furthermore, Mr. Cook, by using an Equity Trust online account, consented to Equity Trust's Online Terms of Service.  *See* Exhibit 2 ("Online Service Terms").

9. Equity Trust denies the allegations in Paragraph 9 of the Complaint to the extent that those allegations suggest any duties owed by Equity Trust apart from those set forth in the governing contracts at Exhibits 1 and 2, and applicable law.

---

[1] Equity Trust has redacted personal identifying information (including social security numbers, dates of birth, and financial account numbers) from the exhibits attached to this Answer.

10. Equity Trust states that the history of Mr. Cook's distributions from his account at Equity Trust speaks for itself, and denies the remaining allegations in Paragraph 10 of the Complaint.

11. Equity Trust admits that Mr. Cook received a distribution by check of $15,598.00 in February of 2016, and denies the remaining allegations in Paragraph 11 of the Complaint.

12. Equity Trust denies the allegations in Paragraph 12 of the Complaint regarding Mr. Cook's practice and intention for want of knowledge. Equity Trust, further answering, denies that it had any "plans" other than to follow the law and terms of the governing contracts, including the written instructions and signed distribution request forms it received from an email associated with Mr. Cook's account on July 14 and 15, July 20, July 22, July 25, July 28, July 29, and August 9, 2016. *See* Exhibit 3 ("Distribution Instructions").

13. Equity Trust admits that on August 9, 2016 it notified Mr. Cook by email and disbursed $5,019.10 from Mr. Cook's account in response to receiving Distribution Instructions to do so, and denies the remaining allegations in Paragraph 13 of the Complaint.

14. Equity Trust admits that Mr. Cook contacted Equity Trust regarding the August 9, 2016 disbursement, and denies the remaining allegations in Paragraph 14 of the Complaint for want of knowledge. *See* Exhibit 4 (August 9, 2016 Email From Mr. Cook to Equity Trust).

15. Equity Trust admits that after the August 9, 2016 disbursement, its representatives informed Mr. Cook of the disbursements made in response to written Distribution Instructions, but denies that Equity Trust only notified Mr. Cook of the seventh such disbursement as alleged in Paragraph 15 of the Complaint. From July 15, 2016 through August 9, 2016, Equity Trust sent multiple notices to emails associated with Mr. Cook's Equity Trust account, including one *three days prior* and one *immediately after* the first disbursement at issue in this Complaint. *See*

3

Exhibits 5, 6, 7 and 8 ("Notifications").  Equity Trust denies any remaining allegations in Paragraph 15 of the Complaint.

16.     Equity Trust admits that on August 10, 2016 it advised Mr. Cook of the disbursements and costs identified, and denies the remaining allegations in Paragraph 16 of the Complaint.  Equity Trust, further answering, states that it received Distribution Instructions and sent Notifications to Mr. Cook as set forth in Paragraphs 12 and 15 of this Answer.

17.     Equity Trust admits that it sent information to Mr. Cook regarding the disbursements from his account, but denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Equity Trust states that on July 14, 2016 it acted on apparent instructions from Mr. Cook to change his email address, and notified Mr. Cook of the change at *both* his old and new email addresses.  *See* Exhibit 9 (July 14, 2016 Emails To Mr. Cook Re Email Address Change).  Equity Trust, further answering, denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Equity Trust denies the allegations in Paragraph 19 of the Complaint.

20.     Equity Trust denies the allegation in Paragraph 20 of the Complaint.  As set forth in Paragraph 12 of the Answer, Equity Trust received signed Distribution Instructions authorizing each of the seven disbursements from an email address associated with Mr. Cook's account.

21.     Equity Trust denies the allegations in Paragraph 21 of the Complaint.

22.     Equity Trust denies the allegation in Paragraph 22 of the Complaint.

23.     Equity Trust denies the allegations in Paragraph 23 of the Complaint.

24.     Equity Trust denies the allegations in Paragraph 24 of the Complaint.

4

25. Equity Trust denies that it failed to implement security procedures as required by the applicable law or governing contracts, and denies the remaining allegations in Paragraph 25 of the Complaint. Equity Trust specifically states that Mr. Cook's account was protected by a login name, password, and PIN number, as shown in Exhibit 4 and by additional correspondence between him and Equity Trust attached as Exhibit 10.

26. Equity Trust denies the allegations in Paragraph 26 of the Complaint for want of knowledge and further avers that there is no duty under law or contract that requires Equity Trust to prevent account holders from changing investment strategies or to otherwise ensure that account holders invest "consistently" as alleged in Paragraph 26 of the Complaint.

27. Equity Trust denies the allegations in Paragraph 27 of the Complaint. Equity Trust, further answering, states that Equity Trust provided multiple notice to Mr. Cook of disbursements as set forth in Paragraph 15 of the Complaint.

28. Equity Trust denies that it failed to implement appropriate security measures with respect to Mr. Cook's account, and denies the remaining allegations in Paragraph 28 of the Complaint.

29. Equity Trust denies the allegations in Paragraph 29 of the Complaint. Equity Trust, further answering, states that Mr. Cook, by monitoring his own email account, knew or should have known that Equity Trust had received instructions authorizing use of a new email account which could forward signed instructions in his name. Furthermore, had Mr. Cook monitored his own email account he would have known of the disbursements of which he now complains, both prior to and after they occurred.

30. Equity Trust admits that through its prompt efforts it was able to secure, for Mr. Cook, $23,356 of the monies which Mr. Cook now alleges were disbursed without his

10131036 v3

authorization.  Equity Trust denies that this constituted any acknowledgment of liability on its part, and denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Equity Trust states that it is not legally or contractually liable for disbursements from Mr. Cook's account made (as in this case) on written and signed instructions sent from an email address reasonably presumed to belong to Mr. Cook, and of which Mr. Cook had reasonable notice.  Equity Trust, further answering, denies any remaining allegations in Paragraph 31 of the Complaint.

32.     Equity Trust maintains that it fully complied with all applicable "procedures or obligations under its Agreement with Mr. Cook," and denies the allegations in Paragraph 32 of the Complaint.

33.     Equity Trust maintains that it employed reasonable measures to "ensure the safety and security" of Mr. Cook's retirement funds, and denies the allegations in the Complaint.

34.     Equity Trust denies the allegations in Paragraph 34 of the Complaint.

35.     Equity Trust is without knowledge as to Mr. Cook's personal tax situation, and therefore denies the allegations in Paragraph 35 of the Complaint for want of knowledge.

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693 et seq.

36.     Equity Trust restates and reincorporates its previous allegations and denials as if set forth herein.

37.     Equity Trust denies the allegations in Paragraph 37 of the Complaint.

38.     Equity Trust denies the allegations in Paragraph 38 of the Complaint.

39.     Equity Trust denies the allegations in Paragraph 39 of the Complaint.

40.     Equity Trust denies the allegations in Paragraph 40 of the Complaint.

6

41.     Equity Trust denies, for want of knowledge, Mr. Cook's allegations that the disbursements at issue were initiated by a person other than himself or that he received no benefit from them, and denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Equity Trust denies the allegations in Paragraph 42 of the Complaint.

43.     Equity Trust denies that Mr. Cook notified Equity Trust of allegedly improper disbursements on the first day that he knew, or should have known, of those disbursements, as he had received prior notice of those disbursements as set forth in Paragraph 15 of this Answer. Equity Trust admits that Mr. Cook's notice to Equity Trust occurred within sixty days of the first of the allegedly improper disbursements, and denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Equity Trust denies that it has any duty of reimbursement as alleged in Paragraph 44 of the Complaint, and denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Equity Trust denies the allegations in Paragraph 45 of the Complaint.

46.     Equity Trust denies the allegations in Paragraph 46 of the Complaint.

## COUNT II

### REFUND OF UNAUTHORIZED PAYMENT ORDER, R.C. 1304.59

47.     Equity Trust restates and reincorporates its previous allegations and denials as if set forth herein.

48.     Equity Trust denies the allegations in Paragraph 48 of the Complaint. Equity Trust, further answering, states that its responsibilities as to account security were defined in the governing contracts.  *See* Exhibits 1, 2 and 3.

49.     Equity Trust denies the allegations in Paragraph 49 of the Complaint.

10131036 v3

50. Equity Trust denies the allegations in Paragraph 50 of the Complaint for want of knowledge.

51. Equity Trust denies the allegations in Paragraph 51 of the Complaint.

52. Equity Trust denies the allegations in Paragraph 52 of the Complaint.

53. Equity Trust denies the allegations in Paragraph 53 of the Complaint.

54. Equity Trust denies the allegations in Paragraph 54 of the Complaint.

55. Equity Trust denies the allegations in Paragraph 55 of the Complaint.

56. Equity Trust denies the allegations in Paragraph 56 of the Complaint.

## COUNT III

## CREDIT OF ITEMS NOT PROPERLY PAYABLE, R.C. 1304.30

57. Equity Trust restates and reincorporates its previous allegations and denials as if set forth herein.

58. Equity Trust denies the allegations in Paragraph 58 of the Complaint.

59. Equity Trust denies that it acted improperly under any contract or agreement with Mr. Cook, and denies the remaining allegations in Paragraph 59 of the Complaint for want of knowledge.

60. Equity Trust denies the allegations in Paragraph 60 of the Complaint.

61. Equity Trust denies the allegations in Paragraph 61 of the Complaint.

62. Equity Trust denies the allegations in Paragraph 62 of the Complaint.

63. Equity Trust denies the allegations in Paragraph 63 of the Complaint.

10131036 v3

## COUNT IV

## VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT, R.C. 4165.01 et seq.

64.     Equity Trust restates and reincorporates its previous allegations and denials as if set forth herein.

65.     Equity Trust denies the allegations in Paragraph 65 of the Complaint.

66.     Equity Trust denies the allegations in Paragraph 66 of the Complaint.

67.     Equity Trust denies the allegations in Paragraph 67 of the Complaint.

68.     Equity Trust denies the allegations in Paragraph 68 of the Complaint.

69.     Equity Trust denies the allegations in Paragraph 69 of the Complaint.

70.     Equity Trust denies the allegations in Paragraph 70 of the Complaint.

## COUNT V

## BREACH OF CONTRACT

71.     Equity Trust restates and reincorporates its previous allegations and denials as if set forth herein.

72.     Equity Trust admits the allegations in Paragraph 72 of the Complaint.

73.     Equity Trust states that the governing contracts, attached as Exhibits 1, 2 and 3, speak for themselves, and denies any remaining allegations in Paragraph 73 of the Complaint.

74.     Equity Trust denies the allegations in Paragraph 74 of the Complaint.

75.     Equity Trust denies the allegations in Paragraph 75 of the Complaint.

76.     Equity Trust denies the allegations in Paragraph 76 of the Complaint.

10131036 v3

## COUNT VI

## NEGLIGENCE

77.     Equity Trust restates and reincorporates its previous allegations and denials as if set forth herein.

78.     Equity Trust denies the allegations in Paragraph 78 of the Complaint as stating a legal conclusion.

79.     Equity Trust denies the allegations in Paragraph 79 of the Complaint.

80.     Equity Trust denies the allegations in Paragraph 80 of the Complaint.

## COUNT VII

## NEGLIGENT REPRESENTATION

81.     Equity Trust restates and reincorporates its previous allegations and denials as if set forth herein.

82.     Equity Trust denies the allegations in Paragraph 82 of the Complaint.

83.     Equity Trust denies the allegations in Paragraph 83 of the Complaint.

84.     Equity Trust denies the allegations in Paragraph 84 of the Complaint.

85.     Equity Trust denies the allegations in Paragraph 85 of the Complaint.

86.     Equity Trust denies the allegations in Paragraph 86 of the Complaint.

87.     Equity Trust denies that it misrepresented anything to Mr. Cook, and denies the remaining allegations in Paragraph 87 of the Complaint.

88.     Equity Trust denies that it misrepresented anything to Mr. Cook, and denies the remaining allegations in Paragraph 88 of the Complaint.

89.     Equity Trust denies the allegations in Paragraph 89 of the Complaint.

10

10131036 v3

## COUNT VIII

## UNJUST ENRICHMENT

90. Equity Trust repeats and restates it previous allegations and denials as if set forth herein.

91. Equity Trust admits that Mr. Cook maintains a self-directed IRA of which Equity Trust is the passive custodian pursuant to the terms of the governing contracts attached as Exhibits 1, 2 and 3 to this Answer.  Equity Trust denies the remaining allegations in Paragraph 91 of the Complaint.

92. Equity Trust states that it complied with all relevant obligations of the governing contracts, and denies the remaining allegations in Paragraph 92 of the Complaint.

93. Equity Trust states that it complied with all relevant obligations of the governing contracts, and denies the remaining allegations in Paragraph 93 of the Complaint.

94. Equity Trust denies the allegations in Paragraph 94 of the Complaint.

95. Equity Trust denies the allegations in Paragraph 95 of the Complaint.

96. Equity Trust denies the allegations in Paragraph 96 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Equity Trust denies that Plaintiff Carlos B. Cook, III is entitled to any of the relief that requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim on which relief can be granted.

2. Plaintiff's claims are barred by the terms of the governing contracts.

3. Plaintiff's claims are barred by his own intentional acts and/or negligent acts, including but not limited to his failure (a) to notify Equity Trust or change his passwords and pin,

11

10131036 v3

after he received notice that his email account was accessed without his consent in mid-July 2016, (b) to monitor his email account in July and August, and (c) to promptly notify Equity Trust of allegedly unauthorized actions, if any.

4.      Plaintiff's own contributory negligence bars his recovery from Equity Trust.

5.      Plaintiff's claims are barred by his failure to mitigate his damages.

6.      Plaintiff's claims are barred by the doctrines of waiver, estoppel, or laches.

7.      Plaintiff's damages, if any, were caused by the intervening acts of a third party.

8.      Plaintiff's claims for punitive damages are barred as Equity Trust has never acted with intentional, willful, or wanton disregard of any right of the Plaintiff.

9.      Plaintiff's claims are barred as Equity Trust has at all times acted in good faith.

Respectfully submitted,


*s/ Yelena Boxer*
YELENA BOXER (0071379)
ISAAC J. EDDINGTON (0072966)
**BENESCH, FRIEDLANDER, COPLAN &
   ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4600
Facsimile:  216.363.4588
Email:  yboxer@beneschlaw.com
ieddington@beneschlaw.com

*Attorneys for Defendant, Equity Trust Company*

12

10131036 v3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2017 a copy of the foregoing DEFENDANT EQUITY TRUST COMPANY'S ANSWER TO COMPLAINT was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

*s/ Yelena Boxer*

10131036 v3